IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00825-MSK-MJW

LISA DAWN GOLD,

Plaintiff,

v.

STATE FARM FIRE & CASUALTY COMPANY,

Defendant.

---

# ORDER REGARDING
## (1) PLAINTIFF'S SUBMISSION TO MAGISTRATE JUDGE RE: CHALLENGE [MOTION] TO STATE FARM'S APPRAISER (DOCKET NO. 27)
## AND
## (2) DEFENDANT STATE FARM'S CHALLENGE [MOTION] OF PLAINTIFF'S SELECTED APPRAISER MAYNARD ELLIOTT, INC. (DOCKET NO. 29)

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court for ruling on Plaintiff's Submission to Magistrate Judge Re: Challenge [motion] to State Farm's Appraiser (docket no. 27) and Defendant State Farm's Challenge [motion] of Plaintiff's Selected Appraiser Maynard Elliott, Inc. (docket no. 29). The court has reviewed both motions (docket no. 27 and 29) and the responses (docket no. 32 and 33) thereto. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed make the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Plaintiff's claims in this lawsuit involve disputes over the value of art work lost;

5. That on September 10, 2010, Magistrate Judge Watanabe conducted a telephone motion hearing. (See docket no. 26, Courtroom Minutes/Minute Order). At this hearing, Magistrate Judge Watanabe GRANTED the Parties' Stipulated Motion to Submit Underlying Insurance Claim to Appraisal Process; for Resolution of Challenges to Selected Appraisers; and for Stay of Litigation and Discovery Pending Resolution of Appraisal (docket no. 20). Magistrate Judge Watanabe adopted paragraphs 6. A. B. C. D. and E. as set forth on pages 2 and 3 of docket no. 20. See docket no. 26 Courtroom Minutes/Minute Order from motion hearing held on September 10, 2010;

6. That the parties have now each challenged each other's appraiser in the two subject motions (docket nos. 27 and 29);

7. That Plaintiff selected Maynard Elliott as her appraiser. I find that Mr. Elliott has a financial interest in the outcome of the appraisal since his remaining fee is contingent upon Plaintiff successfully

obtaining replacement values for her loss. An appraiser with a financial interest in the outcome of the appraisal is not impartial. See exhibit C and <u>General Star Indem. Co. v. Spring Creek Village Apartments Phase V, Inc.</u>, 152 S.W.3d 733, 737 (Tex. App. 2004); <u>Central Life Ins. Co. v. Aetna Cas. & Sur. Co.</u>, 466 N.W.2d 257, 262 (Iowa 1991). Moreover, Mr. Elliott's appraisal used "replacement value" instead of "market value." Market value is called for under the Homeowner Policy in question. See docket no. 29-1 at 15; exhibit A, page 12, Section I - Loss Settlement, Coverage B - Personal Property, paragraph 1.b(1), which states:

> b. We will pay **market value** at the time of loss for:
>
> (1) antiques, **fine arts, painting, statuary** and similar articles which by their inherent nature cannot be replaced with new articles;

and

8. That Defendant State Farm's appraiser is Paul Zadok who is employed by and also owns Fine Arts Claims Consultants ("FACC"). Mr. Zadok and FACC were hired by Defendant State Farm to appraise Plaintiff's belongings on June 26, 2008. This appraisal was well before any appraisal/arbitration process under Colorado Division of Insurance (DORA) Bulletin No B-5-26 (docket no. 27-1 at 1-2, exhibit 1) was requested. This appraisal for

Defendant State Farm was completed on October 10, 2008. See docket no. 27-1, affidavit of Mr. Zadok, Exhibit 2, paragraphs 4 - 7. Objections were made by Plaintiff to this appraisal. See docket no. 27-1 at 4-7, exhibits 3 and 4. It was not until January 25, 2010, that Defendant State Farm recommend the appraisal process for resolution of this dispute. See docket no. 27-1 at 8-9, exhibit 5. On January 28, 2009, Defendant State Farm demanded appraisal and suggested that Mr. Zakok was a competent disinterested appraiser. I find that Mr. Zakok and FACC are not impartial. Mr. Zakok's appraisal was done **before** the parties agreed to the appraisal/arbitration process and when Mr. Zakok was serving, in essence, as a consultant to Defendant State Farm.

Further, that Defendant State Farm provided to Plaintiff Exhibit 9 attached to docket no. 27. Exhibit 9 is a portion of an Operation Guide for Apparisal dated 06-26-02 for Claims Practices, Fire. Paragraph 7 e. of Exhibit 9 is captioned "Selection of Appraiser," and it states:

> A party who has acted in the course of the adjustment process to inspect, evaluate, or negotiate the claim, or has previously expressed an opinion concerning the loss or has preconceived views is subject to challenge and disqualification.

Here, I find that Mr. Zakok falls within paragraph 7 e, and thus for

this reason as well, should be disqualified since he and FACC are not impartial.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff's Submission to Magistrate Judge Re: Challenge [motion] to State Farm's Appraiser **(docket no. 27)** is **GRANTED**;

2. That Defendant State Farm's Challenge [motion] of Plaintiff's Selected Appraiser Maynard Elliott, Inc. **(docket no. 29)** is **GRANTED**;

3. That both Paul Zadok and Fine Arts Claims Consultants as well as Maynard Elliott and Maynard Elliott, Inc., are all disqualified as appraisers in this case;

4. That Plaintiff and Defendant shall each select a new appraiser who meets the standard of impartially as outlined in DORA Bulletin No. B-5-26 and § 13-22-212, C.R.S., on or before October 15, 2010. The parties shall file any objection to each other's new appraiser on or before October 29, 2010.  If no objections are filed as to each other's new appraiser, then such new appraisers shall select a competent, impartial umpire consistent with paragraph 4 of the Section I - Conditions in the Homeowners Policy;

5. That each party shall pay their own attorney fees and costs for the

subject motion; and

6. That a Telephone Status Conference is set before Magistrate Judge Watanabe on November 17, 2010, at 9:30 a.m. Plaintiff shall initiate the telephone conference call and include the court by calling telephone number 303-844-2403. At this Telephone Status Conference, this court will address setting new discovery and dispositive motions deadlines. Counsel should have their calendars available for this conference.

Done this 30TH day of September 2010.

                                          BY TH E COURT

                                        <u>s/ Michael J. Watanabe</u>
                                        MICHAEL J. WATANABE
                                        U.S. MAGISTRATE JUDGE